Christopher P. Burke, Esq.
Nevada Bar No. 004093
*attycburke@charter.net*
702 Plumas Street
Reno, Nevada 89509
(775) 333-9277
Attorney for Plaintiff
Walter James Coopman

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEVADA

Walter James Coopman, and
on behalf of others similarly situated,

Plaintiff,

v.

Nationstar Mortgage, LLC
c/o Resident Agent
CSC Services of Nevada Inc.
2215-B Renaissance Dr.
Las Vegas, NV 89119

Defendant.

Case No. _____

**JURY TRIAL DEMANDED**

CLASS ACTION COMPLAINT

Plaintiff, Walter James Coopman ("Plaintiff" or "Coopman"), for his Class Action Complaint against the Defendant, Nationstar Mortgage LLC ("Defendant" or "Nationstar") alleges and states:

1. Plaintiff brings this action to secure redress for a course of conduct that includes the use of automatic dialing equipment to make repeated phone calls to the Plaintiff's and the Members of the Class, defined below in violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. The Plaintiff and Members of the Class did not consent to the Defendant's actions or any consent was unenforceable as a result of a discharge under the Bankruptcy Code.

1

## JURISDICTION AND VENUE

2. Jurisdiction is proper since the claims asserted are based on federal law, the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

3. Venue is properly before this Court, because the Plaintiff Coopman is a resident and citizen of this District and the acts complained of caused injury in this District.

## PARTIES

4. Plaintiff is an individual who resides at 6717 Rolling Meadows Drive, #1018, Sparks, Nevada 89436. Plaintiff filed Chapter 13 bankruptcy on April 7, 2011, Case No. BK-N-11-51157-BTB (D. Nevada). On March 2, 2012, the Plaintiff converted to a Chapter 7 (Dkt. 50). In that case, Coopman surrendered his home located at 5593 Churchill Green Drive, Sparks, Nevada 89436. His Chapter 7 bankruptcy case was discharged July 26, 2012 (Dkt. 75).

5. Defendant is Nationstar, an entity formed under the laws of the State of Delaware.

6. The Defendant has willfully and intentionally participated in the wrongful conduct complained of herein and caused injury to the Plaintiff and others similarly situated to the Plaintiff.

## COUNT I

### Violations of the TCPA, 47 U.S.C. § 227

### (Individually and on Behalf of the TCPA Class)

7. It is a violation of TCPA to make a non-emergency call to a cellular telephone number using an automatic telephone dialing system. 47 U.S.C.

2

§ 227(b)(1)(A)(iii).

8. Defendant made non-emergency, debt collection phone calls to Plaintiff and other TCPA Class members' cellular telephone numbers using an automatic telephone dialing system, thereby violating the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

9. These calls were made even though Defendant did not have the recipient's express consent to make such calls. In Plaintiff Coopman's case, for example, Defendant continued to call his phone using an autodialer despite Plaintiff directly requesting not to be called.

10. Upon information and belief, Defendant keeps data in its data warehouse that will assist in determining which calls were made to cell phones, and which of those calls were made to cell phones for which Defendant had consent. Such records are necessary for the Defendant to determine compliance.

11. Upon information and belief, Defendant has been sued multiple times for the types of violations alleged herein. Defendant's violations of the TCPA were willful and knowing.

12. Plaintiff and the class members were damaged by Defendant's TCPA violations. Their privacy was improperly and illegally invaded, and they were forced to deal with these annoying calls. Moreover, the interruption caused by these calls caused Plaintiff and the TCPA Class to be damaged because they took time and effort to receive the calls and/or retrieve them from voicemail.

13. Defendant used an automatic telephone dialing system for its own convenience and efficiency, and to the detriment of Plaintiff and TCPA Class Members. This policy improperly shifted the burden of manually

3

dealing with such calls away from Defendant, and onto the public at large, and in particularly, onto the members of the TCPA Class.

14. As a result of Defendant's violations of the TCPA, the Plaintiff and TCPA Class members are entitled to the statutory damages under the TCPA, including treble damages to the extent that such violations were willful and/or knowing. 47 U.S.C. § 227(b)(3).

## **Class Allegations**

15. Plaintiff brings this Count I on behalf of a class ("TCPA Class") consisting of the following:

> All persons in the United States whose cellular telephone number Defendant called in the four year period preceding the filing of this complaint, using the same or a similar telephone dialing system that it used to call Plaintiff, where the called party previously obtained a discharge under the Bankruptcy Code of any mortgage debt serviced by the Defendant.

16. Plaintiff is a member of the TCPA Class.

17. Numerosity is satisfied. Upon information and belief, the Defendant is a major servicer of mortgage loans in the United States and regularly uses automatic dialers to initiate calls to persons such as the Plaintiff and the Class Members after they received a discharge under the Bankruptcy Code.

18. Common questions of law or fact exist as to all members of the TCPA Class, and predominate over any questions solely affecting any individual member, including Plaintiff. Such questions common to the TCPA Class include, but are not limited to:

   a. Whether Defendant used an "automatic telephone dialing system" under the TCPA and applicable FCC regulations and orders;

   b. Whether Defendant had the prior express consent of Plaintiff and the other members of the TCPA Class to call such persons' cellular

4

        telephone numbers using an automatic telephone dialing system; and

    c.    Damages, including whether Defendant willfully or knowingly violated the TCPA, such that Plaintiff and the other members of the TCPA Class are entitled to treble damages under 47 U.S.C. § 227(b)(3)

19. Plaintiff's claims are typical of the claims of the other members of the TCPA Class.  The factual and legal bases of Defendant's liability to Plaintiff and the other members of the Class are the same:  Defendants violated the TCPA by making calls to the cellular telephone numbers of each member of the TCPA  Class, including Plaintiff, using an automatic telephone dialing system without prior express consent.

20. Plaintiff will fairly and adequately protect the interests of the TCPA Class, and has no interests that might conflict with the interests of the TCPA Class.  Plaintiff is interested in pursuing his claims vigorously, and he has retained counsel competent and experienced in class and complex litigation, including with regards to the claims alleged herein.

21. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual action would entail.  There are, on information and belief, thousands of members of the TCPA Class, such that joinder of all members is impracticable.

22. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the TCPA Class, thereby making relief appropriate with respect to the Class as a whole. Prosecution of separate actions by individual members of the TCPA Class, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct.

23. The identities of members of the TCPA Class are, on information and belief, readily identifiable from Defendant's records.

*Certification Under Fed. R. Civ. P. 23(b)(2) and (b)(3)*

24. The Defendant has acted on grounds that apply uniformly across the Class, so that the statutory relief afforded pursuant to 47 U.S.C.A. § 227 is appropriate respecting the Class as a whole. Further, the common questions predominate over any individual questions and a class action is superior for the fair and efficient adjudication of this controversy. A class action will cause an orderly and expeditious administration of Class members' claims, and economies of time, effort, and expenses will be fostered and uniformity of decisions will be ensured.

25. There are no individual questions to establish the claims of the Plaintiff and the Class Members. The claims are based on the Defendant's use of automatic dialers to call the cell phones of the Plaintiff and the Class Members. Any alleged prior express consent has been invalidated by the Bankruptcy Code discharge.

26. The Class members have suffered damages, losses, and harm similar to those sustained by the named Plaintiff. This includes the invasion of their privacy. All are entitled to the statutory damages allowed by the TCPA.

27. No difficulties are likely to be encountered in the management of this action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

28. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the TCPA Class, thereby making relief appropriate with respect to the Class as a whole. Prosecution of separate actions by individual members of the TCPA Class, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct.

WHEREFORE, the Plaintiff prays for the following relief on the above claims:

a. Certify the TCPA CLASS;
b. Appoint Plaintiff as the representative for the Class and appoint his attorneys as class counsel;
c. Award the Plaintiff and the TCPA CLASS injunctive relief and statutory damages, including treble damages pursuant to 47 U.S.C. §227(b)(3), based on the Defendant's violations of the TCPA;
d. Award the Plaintiff costs, including attorneys' fees, to the extent allowed by law; and
e. Grant such other and further relief as the nature of his cause requires.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Walter James Coopman,
By his Attorneys,
Christopher P. Burke, Esq.

Dated: 1/15/16

/s/ Christopher P. Burke, Esq.
Nevada Bar No. 004093
*attycburke@charter.net*
702 Plumas Street
Reno, Nevada 89509
(775) 333-9277
and

Scott C. Borison, Esq.
(Pro Hac Vice to be filed)
Legg Law Firm, LLP
1900 S. Norfolk Rd. Suite 350
San Mateo CA 94403
Borison@legglaw.com
(301) 620-1016
Fax: (301) 620-1018
**Borison@legglaw.com**

*Attorneys for Plaintiff*